**In re Donald Welton LOOMIS, FDBA Country Boy Carpet, DBA Town & Country Carpet Service, Debtor.**

**Bankruptcy No. 683–07682.**

United States Bankruptcy Court, D. Oregon.

Sept. 8, 1983.

Gary L. Hill, Roseburg, Or., for debtor.

Eric Roost, Eugene, Or., for trustee.

MEMORANDUM OPINION AND ORDER

C.E. LUCKEY, Bankruptcy Judge.

The debtor has claimed exempt under the provisions of O.R.S. Section 23.164 a travel trailer valued at $1,500.00 which is used by him as his residence. It is situated on property for which the debtor is paying rent for trailer space. He has occupied it as his home since a divorce in 1981. The trailer has a kitchen area, bathroom, bed and small additional living area. It is hooked up to power, water and septic system. It is on blocks.

The trustee has objected to the claim of exemption on the technical basis that other provisions of Oregon Revised Statutes (O.R.S.) characterize the property as a vehicle rather than a mobile home and that the van claimed by the debtor as an exempt vehicle precludes his also claiming this trailer as an exempt vehicle.

O.R.S. 481.021 defines various types of movable properties designed to provide facilities for human habitation. By the statutory definition a mobile home under the provisions of Chapter 481 is not a travel trailer. However, the statute limits the application of its provisions as follows in O.R.S. 481.021:

"... *As used in this chapter and ad valorem tax laws of this state,* except where the context otherwise requires ..." [emphasis added]

The provisions of the exemption laws are more elastic. O.R.S. 23.164(8) provides:

"As used in this section, unless the context requires otherwise, 'mobile home' in-

cludes, *but is not limited to,* a houseboat." [emphasis added]

The use to which the property is put and the adaptability to the use are more appropriate standards to apply under the facts of this case to the debtor's claim of exemption than statutory definitions designed for vehicle and movable property registration and regulation and for tax purposes.

Under the facts of this case, the Court finds the use made of the property is that of a stationary residence, and that the definitions of O.R.S. Chapter 481 do not require the Court to apply those definitions in construing the provisions of O.R.S. Chapter 23.

The objection of the trustee to the claimed exemption is overruled, and the claimed exemption ordered allowed.